IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jaimez Nicacio Moreno, | ) | Case No. 1:19-cv-02756-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Stephen A. Hoey, MD; D. Brown, | ) | |
| ASHA; A. Adegoke; in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the Court upon Defendants' motion to dismiss or, in the alternative, for summary judgment. ECF No. 21. Plaintiff filed a response in opposition and a supplement. ECF Nos. 30, 31. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 22, 2020, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. ECF No. 32. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections. ECF No. 34.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

Plaintiff alleges that Defendants violated his Eighth Amendment rights. With respect to Defendants' argument that Plaintiff failed to exhaust his administrative remedies, the Magistrate Judge finds that Plaintiff put forth sufficient evidence that his administrative remedies were not available to him. With respect to the merits of his claim, the Magistrate Judge recommends granting Defendants' motion for summary judgment because Plaintiff failed to show that they were deliberately indifferent to his serious medical needs in light of the treatment records submitted by Defendants showing Plaintiff's history of medical care.

Plaintiff complains that he received insufficient medical care for sleep apnea, back pain, a prostate condition, and a lump on his testicle. Plaintiffs medical records reveal that Plaintiff was seen by medical staff several times between his arrival at Federal Correctional institution Williamsburg and the date he filed his Complaint. During these visits, his medications were adjusted as necessary, he was examined by an orthopedic physician's assistant, and an x-ray was administered. The provided records demonstrate that Plaintiff received consistent treatment for his ailments and complaints.

The Magistrate Judge further recommends that any claims against the Defendants in their official capacities should be dismissed and that this Court find that Defendants are entitled to qualified immunity and Defendant Brown is entitled to absolute immunity.

In his objections, Plaintiff notes that the Report "seems to focus on the exhaustion of Plaintiff's institutional remedies for grievances." ECF No. 34 at 1. He continues that "any subsequent points that would be raised by the defendants are moot until the Court has appointed counsel and provided an interpreter." *Id*. at 2.

To the extent Plaintiff intends to move for appointment of counsel, this request is denied. There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). As previously noted by the Magistrate Judge, "Plaintiff's pleadings demonstrate he is sufficiently competent to pursue means of

assistance with his claim within the prison." ECF No. 7.  Thus, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

Upon review, Plaintiff has failed to file specific objections to the Report; however, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, applicable law, and Report.  Upon review, the Court agrees with the recommendation of the Magistrate Judge.

## **CONCLUSION**

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Defendants' motion [21] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

July 6, 2020
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.